IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 26, 2011

## MIKE SETTLE v. DAVID OSBORNE, WARDEN

**Appeal from the Criminal Court for Morgan County**
**No. 2011-CR-1     E. Eugene Eblen, Judge**

_____

**No.  E2011-00766-CCA-R3-HC - Filed February 3, 2012**

_____

Petitioner, Mike Settle, appeals the habeas corpus court's dismissal of his petition for habeas corpus relief in which he claimed that he was entitled to habeas corpus relief because his plea agreement and sentences for crimes committed in 1999 in Madison County are void because his sentence for escape was ordered to be served concurrently to a federal sentence in violation of Tennessee Rule of Criminal Procedure 32(c)(3).  Petitioner failed to follow the mandatory procedural requirements for the valid filing of a petition for the writ of habeas corpus.  Therefore, we affirm the judgment dismissing the habeas petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Mike Settle, Pro Se, Wartburg, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; and Russell Johnson, District Attorney General, for the appellee, State of Tennessee.

### OPINION

_Factual Background_

Petitioner is no stranger to the legal process.  In January of 2001, Petitioner pled guilty in Madison County Circuit Court to one count of felony escape, one count of especially aggravated kidnapping, one count of aggravated robbery, and two counts of aggravated assault.  The underlying facts that led to the convictions arose when Petitioner became ill and was transported from the Hardeman County Correctional Facility to a hospital in Jackson,

Tennessee. Petitioner was eventually admitted to the hospital for further treatment. Two days later, he overpowered a guard, took the officer's weapon, and pointed it at the guard's head. Petitioner ultimately escaped from the hospital with a hostage in a stolen car. He was recaptured and returned to prison. As a result of the plea agreement, Petitioner received a sentence of six years for the felony escape conviction, twenty-five years for the especially aggravated kidnapping conviction, twenty-five years for the aggravated robbery conviction, and fifteen years for each aggravated assault conviction. The sentences were ordered to be served concurrently with each other and with a federal sentence as well as a sentence in a separate Madison County case. The sentences were ordered to be served consecutively to sentences for several prior convictions from Shelby County.

In September of 2001, Petitioner filed his first petition for writ of habeas corpus. The petition was filed in the Morgan County Criminal Court and alleged that the Department of Correction violated the terms of Petitioner's plea agreement by refusing to run his sentences concurrently with his federal sentence. The trial court treated the petition as a petition for writ of certiorari and transferred the matter to the Madison County Circuit Court. The petition was dismissed for failing to state a colorable claim for post-conviction relief. *See Mike Settle v. State*, No. W2003-01261-CCA-R3-PC, 2004 WL 1656481, at *1 (Tenn. Crim. App., at Jackson, Jul. 23, 2004).

Petitioner has also sought habeas corpus relief in federal district court. At least two petitions have been dismissed as untimely. *See Mike Settle v. Ricky Bell, Warden*, No. 3:09-0560 (M.D. Tenn., Nov. 10, 2009)*;Mike Settle v. Ricky J. Bell*, No. 06-1092 (W.D. Tenn. Sept. 4, 2009). Petitioner has also filed for relief in the form of extradition in the Eastern District of Tennessee. In that case, the court treated the petition as a petition for writ of habeas corpus and dismissed it. *See Mike Settle v. David R. Osborne, Warden*, No. 3:11-cv-00127.

Petitioner filed a second petition for writ of habeas corpus in Davidson County. The petition was dismissed for failure to pay court costs at the time of filing. Petitioner appealed. On appeal, this Court upheld the dismissal and affirmed. *Mike Settle v. State*, No. M2004-00411-CCA-R3-HC, 2005 WL 2978974, at *1 (Tenn. Crim. App., at Nashville, Nov. 7, 2005), *perm. app. denied*, (Tenn. Mar. 27, 2006).

Then, Petitioner filed another petition for writ of habeas corpus in the Morgan County Criminal Court. This petition was also dismissed. This Court affirmed the dismissal on

appeal. *See Mike Settle v. State*, No. E2010-00945-CCA-R3-HC, 2010 WL 5276980, at *1 (Tenn. Crim. App., at Knoxville, Dec. 17, 2010), *perm. app. denied*, (Tenn. Mar. 9, 2011).[1]

On January 10, 2011, Petitioner filed the petition for writ of habeas corpus applicable herein. The State filed a motion to dismiss. Petitioner opposed the motion. The habeas court dismissed the petition without a hearing on February 14, 2011. Petitioner filed a notice of appeal on April 1, 2011. The certificate of service on the final order indicates that copies were not mailed by the Circuit Court Clerk until April 1, 2011.

*Analysis*

On appeal, Petitioner challenges the dismissal of the petition for writ of habeas corpus. The State argues that Petitioner failed to comply with mandatory procedural requirements and, therefore, the habeas court properly dismissed the petition for relief.

At the outset, we note that a notice of appeal must be filed within thirty days after the date of entry of the judgment appealed from. Tenn. R. App. P. 4(a). The notice of appeal is not jurisdictional in criminal cases; the filing of the notice of appeal can be waived in the interest of justice. *Id.* Here, the trial court dismissed the petition for relief on February 14, 2011, and Petitioner did not file a notice of appeal until April 1, 2011. It is clear that the notice is untimely as it was not filed until almost two months after the habeas court dismissed the petition. Petitioner filed a "Motion for Leave to File an Amended Complaint" on February 23, 2011, and a "Motion to Render Decision" on March 23, 2011, in which he asserted that he had not received a copy of any final order in his case. Indeed, the final order dismissing the petition contains a certificate of service that indicates the order was not served until April 1, 2011. Under these circumstances, we choose to waive the timely filing of the notice of appeal in this case.

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

---

[1] Petitioner has also filed two federal habeas corpus petitions relating to these convictions. They were both dismissed as untimely. *See Mike Settle v. Ricky J. Bell*, No. 06-1092-JDT-egb (W.D. Tenn., Sept. 4, 2009) (dismissing 28 U.S.C. § 2254 claim as untimely); *Mike Settle v. Ricky Bell, Warden*, No. 3:09-cv-00560 (M.D. Tenn, Nov. 10, 2009) (dismissing 28 U.S.C. § 2241 claim as untimely).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. For the benefit of individuals such as Petitioner, our legislature has explicitly laid out the formal requirements for a petition for a writ of habeas corpus at Tennessee Code Annotated section 29-21-107:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
>
> (b) The petition shall state:
>
> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *see also Hickman*, 153 S.W.3d at 21.

Petitioner alleged in his petition for relief that this was his "second" application for habeas corpus relief on this issue. He failed to attach copies of the prior petition as required by Tennessee Code Annotated section 29-21-107(b)(4). Further, as indicated above, this is at least Petitioner's fourth petition for habeas corpus relief that is related to these convictions. Moreover, the petition was not verified under oath by affidavit.

*Conclusion*

For the foregoing reasons, the judgment of the habeas corpus court is affirmed.

_____
JERRY L. SMITH, JUDGE

-5-